UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

FREDERICK N. KOVAL                    )
                                      )
            Plaintiff,                )
v.                                    )          CIVIL ACTION NO.:
                                      )          3:02 CV 1879 (GLG)
METRO-NORTH RAILROAD                  )          <u>FELA HEARING LOSS CASES – MAY BE</u>
COMPANY, et al.                       )          <u>FILED IN NEW HAVEN AS ORDERED BY</u>
                                      )          <u>MAGISTRATE JUDGE MARGOLIS</u>
            Defendants.               )
_____)         March 3, 2004

## COUNSEL'S CERTIFICATION PURSUANT TO
## <u>FED. R. CIV. P. 26(c) AND LOCAL RULE 9(d)(2)</u>

1.    I, Lori A. McCarthy, am an associate with the law firm of Flynn & Associates, P.C.,

      and I, along with Attorneys Michael B. Flynn and John E. Young represent the

      defendants, Consolidated Rail Corporation and American Financial Group, Inc., in

      connection with the above-entitled matter.

2.    Myself and counsel for the above-captioned plaintiffs conferred, via telephone, in good

      faith, on several occasions concerning the scope of the testimony requested in

      *Plaintiffs' Notice of 30(b)(6) Deposition(s)  Defendant Consolidated Rail Corporation*,

      as well as the *Plaintiffs' Re-Notice of 30(b)(6) Deposition(s) to Defendant American*

      *Financial Group, Inc., f/k/a American Premier Underwriters, Inc., f/k/a Penn Central*

      *Corporation (hereinafter referred to as "Penn Central").*

1

3.    In relation to the plaintiffs' notice of Conrail's 30(b)(6) deposition, I explained to Attorney Perry the current status of Conrail, informed him that William Barringer would be available to testify to many of the plaintiffs' requested Items, and requested that the Items be limited to 1976 to 1984.  I memorialized my conversations with Attorney Perry in a letter dated February 26, 2004, which is attached hereto as Exhibit "A."

4.    Attorney Perry agreed to limit several of the Items contained within his clients' *Notice of Deposition*, and memorialized the same in correspondence similarly dated February 26, 2004, attached hereto as Exhibit "B," although we were unable to reach an agreement as to all the Items listed, and Attorney Perry requested that the defendants file the instant *Motion for Protective Order* prior to proceeding with Conrail's 30(b)(6) deposition.

5.    Moreover, I also informed Attorney Perry that the defendants are unable to produce a designated 30(b)(6) witness for Penn Central and requested that the deposition be cancelled.  I also informed Attorney Perry that Mr. Barringer may possess some information concerning Penn Central, and that the defendants were currently in the process of preparing written responses to the plaintiffs' *Notice of Penn Central's 30(b)(6) Deposition.*  Once again, despite earnest discussion concerning this matter, the parties were unable to reach a mutually satisfactory agreement, and plaintiffs' counsel

2

requested that the defendants file the instant *Motion for Protective Order.*

Respectfully submitted,
CONSOLIDATED RAIL CORPORATION and
AMERICAN FINANCIAL GROUP, INC.,
By their Attorneys,

_____

Michael B. Flynn,#ct21215
Lori A. McCarthy #ct19557
FLYNN & ASSOCIATES, P.C.
189 State Street, Sixth Floor
Boston, MA 02109
(617)722-8253
(617)722-8254 (facsimile)

4

## **CERTIFICATION**

This is to hereby certify that a copy of the foregoing has been hand-delivered this 3rd day of March, 2004, to the following:

Scott E. Perry, Esq.
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Anthony D. Sutton, Esq.
Ryan, Ryan, Johnson & Deluca, LLP
80 Fourth Street
P.O. Box 3057
Stamford, CT 06905

_____
Lori A. McCarthy

G:\F & A\CASE FILES\CSX OCCUPATIONAL\HEARING LOSS\General Hearing Loss\Pleadings\Rule 9 Certificate.3.3.04.doc